IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KECIA CROSS,

      Plaintiff,                            No. CIV S-05-1756 FCD DAD P

   vs.

BOARD OF PRISON TERMS,

      Defendant.                        FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner confined in California Institution for Women.  The court has received from plaintiff a one-page letter addressed to the Honorable Lawrence K. Karlton.  Plaintiff states that she received a notice of parole revocation on July 6, 2005, and that her probable cause hearing was held on July 27, 2005, more than ten business days later. Plaintiff asserts that the delay violated her right to due process and seeks legal advice on how to have her parole violation dismissed.  Documents attached to the letter reveal that plaintiff filed an inmate appeal seeking dismissal of the parole violation, but the appeal was rejected because plaintiff seeks relief from her sentence.

        The Clerk of the Court construed plaintiff's letter and exhibits as a civil rights complaint and opened a civil rights action.  Plaintiff's letter was not accompanied by the $250.00 filing fee or by an application to proceed in forma pauperis with a civil rights action.  See 28

U.S.C. §§ 1914 and 1915.  If this action were to proceed, plaintiff would be required to pay the filing fee in full or file a properly completed application to proceed in forma pauperis.  For the reasons set forth below, the court will not direct plaintiff to pay the filing fee or file an in forma pauperis application at this time.

The court is required to screen every complaint brought by an inmate seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).  In every case in which a plaintiff seeks leave to proceed in forma pauperis, the court is required to dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  A claim must be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

In the present case, plaintiff seeks relief from a Board of Prison Terms decision revoking parole.  Plaintiff seeks dismissal of the violation on the ground that the Board conducted her probable cause hearing several days beyond the time permitted by the settlement reached in Valdivia v. Schwarzenegger.

Plaintiff is advised that when a state prisoner challenges the legality of her custody and the relief she seeks is a determination of her entitlement to immediate release, her

sole federal remedy is a writ of habeas corpus. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973). Before a state prisoner may file a federal petition for a writ of habeas corpus, the prisoner must exhaust state court remedies by presenting all federal claims to the highest state court. <u>See</u> <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir. 1986). It does not appear that plaintiff has presented her due process claim to the California Supreme Court. To the extent that plaintiff seeks dismissal of her parole violation and therefore release from her current incarceration, plaintiff's letter is in essence a petition for a writ of habeas corpus. If the letter were construed as a habeas petition instead of a civil rights complaint, the court would dismiss the petition for failure to exhaust available state court remedies before bringing a federal habeas corpus action.

Plaintiff is further advised that it would be futile to exhaust state court remedies on a due process claim based on the alleged <u>Valdivia</u> violation. The terms of the stipulated permanent injunction in <u>Valdivia v. Schwarzenegger</u>, case No. CIV S-94-0671 LKK GGH P (E.D. Cal. 1994), do not provide for relief after a probable cause hearing has been held, regardless of how late the hearing was conducted. In addition, immediate release is not a remedy available for alleged violations of the settlement agreement. (<u>See</u> Order filed in <u>Valdivia</u> on Dec. 8, 2004, and docketed as #1141, denying a motion for immediate release filed by a member of the <u>Valdivia</u> class.) To the extent that plaintiff seeks information regarding the <u>Valdivia</u> settlement, she may contact Karen Kennard, at Bingham McCutchen LLP, Three Embarcadero Center, San Francisco, California 94111.

For the reasons set forth above, IT IS RECOMMENDED that this action be dismissed with prejudice for failure to state a cognizable civil rights claim.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections

1 to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file
2 objections within the specified time may, under certain circumstances, waive the right to appeal
3 the District Court's order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4 DATED: November 15, 2005.

                                    _____
                                    DALE A. DROZD
                                    UNITED STATES MAGISTRATE JUDGE

7 DAD:13
  cross1756.noc